# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
REBECCA WENTLAND,               \*

                                    \*       No. 18-1308V

               Petitioner,    \*       Special Master Christian J. Moran

                                    \*

v.                                 \*       Filed: July 22, 2022

                                    \*

SECRETARY OF HEALTH       \*       Attorneys' Fees and Costs

AND HUMAN SERVICES,         \*

                                    \*

               Respondent.    \*
* * * * * * * * * * * * * * * * * * * *

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Rebecca Wentland's motion for final attorneys' fees and costs. She is awarded **$34,747.51**.

\*     \*     \*

On August 28, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine she

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

received on April 8, 2016, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused her to suffer from transverse myelitis. The parties filed multiple expert reports, with petitioner retaining Dr. Salvatore Napoli and respondent retaining Drs. S. Mark Tompkins and Norman Werdiger. Thereafter, the parties agreed to start settlement discussions and on July 27, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 3733062.

On September 27, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests a total amount of $35,583.01, comprised of $30,903.10 in attorneys' fees and $4,679.91 in costs. Fees App. at 1-2. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of her petition. On September 30, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

\*     \*     \*

Because petitioner received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

    A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

The undersigned has reviewed the hourly rates requested for the work of his counsel at Conway, Homer, PC (the billing records indicate that the majority of attorney work was performed by Mr. Patrick Kelly, with supporting work performed by Ms. Meredith Daniels, Ms. Christina Ciampolillo, Mr. Joseph Pepper, and Mr. Ronald Homer) and finds that the hourly rates are consistent with what these attorneys have previously been awarded for their Vaccine Program work. See, e.g., Skiles v. Sec'y of Health & Human Servs., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019). Accordingly, the requested hourly rates are reasonable.

    B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review, a small amount must be reduced for attorney time billed for review of status reports prepared by other attorneys. The undersigned notes that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions

3

for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time the undersigned or other special masters have noted this particular issue concerning Conway, Homer P.C. billing practices. See, e.g., Manetta v. Sec'y of Health & Human Servs., No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); Lyons v. Sec'y of Health & Human Servs., No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). Additionally, the undersigned has noticed some instances where Mr. Homer and Mr. Kelly billed for review of the same routine filings from respondent and the Court, which has led to an excessive amount of time billed for their review.

To offset these issues, the undersigned finds a reduction of $835.50 to be appropriate in this case. However, the undersigned notes that in future cases in which these same issues arise, the reduction will increase to reflect both a reduction of inappropriately billed time billed and a deterrent aspect to offset the increased use of judicial resources necessary to address these repetitive issues.[2]

Accordingly, petitioner is awarded final attorneys' fees of $30,067.60.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $4,679.91 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by petitioner's medical expert, Dr. Salvatore Napoli. Dr. Napoli billed 10 hours at $400.00 per hour. The hours billed are reasonable for the work performed in the instant case and Dr. Napoli's hourly rate has previously been found reasonable by the undersigned. See Heddens v. Sec'y of Health & Human Servs., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019).

The remainder of the costs are typical of Vaccine Program litigation and have been supported by appropriate documentation. Petitioner is therefore awarded the full amount of attorneys' costs requested.

---

[2] Attorneys at Conway, Homer have been previously warned that including duplicate work of other attorneys may result in an increased deduction. See, e.g., Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022). However, that warning was given after the fee application was submitted in this case.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$34,747.51** (representing $30,067.60 in attorneys' fees and $4,679.91 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.